THE BOARD OF EDUCATION, STATE OF HAWAII, Appellant-Appellee, *v.* THE HAWAII PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee, and THE HAWAII STATE TEACHERS ASSOCIATION, Appellee-Appellant

NO. 5517

NOVEMBER 21, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA AND MENOR, JJ.,
AND CIRCUIT JUDGE CHANG
ASSIGNED BY REASON OF VACANCY

*Per Curiam.* The Hawaii State Teachers Association (appellant) appeals from the conclusion of law and the judgment of the trial court construing the term "impasse" as set forth in HRS § 89-2(12) as necessitating by implication a showing of good faith negotiation on the part of the appellant. We affirm.

In enacting Act 171, Collective Bargaining in Public Employment, the Fifth State Legislature, in 1970, granted to the public employees a totally new privilege and right: the right to collectively bargain with the public employer and the right, after meeting certain pre-conditions, to strike the public employer in order that the public employees may achieve their lawful objectives.

In granting this right the legislature, in its statement of findings and policy, HRS § 89-1, stated:

The legislature finds that *joint-decision making* is the modern way of administering government. Where public employees have been granted the right to share in the decision-making process affecting wages and working conditions, they have become *more responsive and better able to exchange ideas and information on operations with their administrators.* Accordingly, government is made more effective. . . .

The legislature declares that it is the public *policy* of the State *to promote harmonious and cooperative relations* between government and its employees and *to protect the public* by assuring effective and orderly operations of government. . . . (Emphasis added.)

To effectuate these findings and policy and in order to emphasize the fundamental ingredient necessary for the proper implementation of the Collective Bargaining Act, the legislature provided, *inter alia,* as follows:

HRS § 89-9 *Scope of negotiations.* (a) The employer and the exclusive representative [of the public employees] shall meet at reasonable times, . . . and shall *negotiate in good faith* . . . but such obligation does not compel either party to agree to a proposal or make a concession (emphasis added).

. . . .

HRS § 89-13 *Prohibited practices; evidence of bad faith.* (a) It shall be a prohibited practice for a public employer or its designated representative wilfully to:

. . . .

(5) Refuse to *bargain collectively in good faith* with the exclusive representative as required in section 89-9 (emphasis added);

. . . .

(b) It shall be a prohibited practice for a public em-

ployee or for an employee organination or its designated agent wilfully to:

. . . .

    (2) Refuse to *bargain collectively in good faith* with the public employer, if it is an exclusive representative, as required in section 89-9 (emphasis added).

In our opinion the law on collective bargaining in public employment, without ambiguity, clearly requires both the public employer and the exclusive representative of the public employees to bargain (negotiate) collectively in good faith. The need for good faith bargaining or negotiation is fundamental in bringing to fruition the legislatively declared policy "to promote harmonious and cooperative relations between government and its employees and to protect the public by assuring effective and orderly operations of government." Thus, the proper construction of HRS § 89-2(12) is that "impasse" means failure of a public employer and an exclusive representative to achieve agreement in the course of *good-faith* negotiations (bargaining).

We cannot subscribe to appellant's construction of HRS § 89-2(12) that " 'impasse' could be the failure of a public employer and an exclusive representative to achieve agreement *without* good-faith bargaining or negotiation." Such a construction would totally destroy the efficacy of the law on "collective bargaining in public employment" and give to public employees the power to strike arbitrarily and capriciously.

We are of the further opinion that the Hawaii Public Employment Relations Board (HPERB), on its own motion, under the provisions of HRS § 89-11(b), can declare that an impasse exists only after it initially reaches a determination that, at the very least, the party contending that an impasse exists (be it the public employer or the exclusive representative of the public employees) has been bargaining in good faith.

In addition, we are of the opinion that implicit in the judgment of the trial court in reversing the order of HPERB

88

for the lack of a finding of good-faith bargaining, the trial court has concluded that the substantial rights of the Board of Education (appellee) have been prejudiced.

*Thomas P. Gill (Thomas M. Pico, Jr.,* on the brief; *Gill & Pico* of counsel) for appellee-appellant.

*E. John McConnell, Jr.,* deputy attorney general *(George Pai,* Attorney General, of counsel) for appellant-appellee.